UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-214-02 (RJL) |
| v. : | |
| : | |
| COLLADO RODRIGUEZ : | |

**DEFENDANT'S REPLY**
**GOVERNMENT'S Rule 404(B) EVIDENCE**

Defendant Collado Rodriguez, through undersigned counsel, respectfully opposes introduction of Rule 404(B) (other crimes) evidence to the jury.

In support of this motion defendant states the following:

*Summary*

1. Collado Rodriguez is charged with two counts: distribution of 100 grams or more of heroin on April 20, 2005; and distribution of 500 grams or more of powder cocaine on May 6, 2005.

2. The government alleges that on April 20, 2005, Mr. Rodriguez and codefendant Kelvin Marte met an undercover officer and two informants at a car repair shop in Northeast, Washington, DC. While inside the shop, heroin was allegedly weighed and exchanged for cash.

3. The government alleges that in May, 2005, Mr. Rodriguez agreed to bring cocaine and heroin from New York City to Washington, DC. The government claims that

1

on May 6, 2005, Marte personally transported cocaine to DC by bus. The parties met at the Greyhound station, and the informant brought Marte to a Burger King parking lot, where they exchanged cash for cocaine. Marte was arrested. Mr. Rodriguez, in another car in the parking lot, was also arrested.

4. The other crimes evidence which the government seeks to introduce, detailed below, is not relevant to proof of this case, and thus should not be admitted. Even if the court were to find that the evidence had a limited probative value, the Court can exclude the evidence under Rule 403 of the Federal Rules of Evidence "...if its probative value is substantially outweighed by the danger of unfair prejudice (or) confusion of the issues." Taken in context here, the prejudice to Mr. Rodriguez from admission of this evidence clearly outweighs any marginal probative value.

### *Other Crimes Evidence*

5. The government seeks to introduce evidence of Mr. Rodriguez' arrest in Maryland on August 9, 2004 - more than 8 months prior to the charged offenses in this case - under Federal Rule of Evidence 404(b). The government states that it seeks to admit such evidence for the purpose of proving intent, knowledge, and absence of mistake. Government's 404(b) Motion at 5.

6. In the Maryland case, Mr. Rodriguez was a passenger in a car which was stopped in Maryland. Mr. Rodriguez allegedly had heroin strapped to his waist area, suggesting that he was a drug transporter, commonly known as a "mule." In contrast, in the case at bar, there is no allegation that Mr. Rodriguez personally transported drugs on

either charged date.

7.     The ONLY role inferred to Mr. Rodriguez in Maryland was as personal transporter of drugs. In the case at bar, Mr. Rodriguez is specifically NOT alleged to be a personal transporter of drugs.

8.     The driver of the vehicle in Maryland was not charged in the case at bar. Codefendant Kelvin Marte - charged in both counts in the case at bar - was not charged in the Maryland case.

9.     There has been no final adjudication of the Maryland case. (It is counsel's information and belief that the Maryland case is pending.)

11.     The Maryland case involves heroin only. The case at bar charges distribution of cocaine on one date, and heroin on a different date.

12.     The Maryland case involves an arrest more than 8 months before the offenses charged in the case at bar.

## ARGUMENT

**I.     THE OTHER ACTS EVIDENCE IS INADMISSIBLE UNDER RULE 404(b).**

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Under Rule 404(b), prior acts of the defendant are admissible only if they are 1) relevant to an issue other than character, 2) necessary, and 3) reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Even when evidence meets these criteria, its probative value must still outweigh the danger that the evidence will produce unfair

prejudice to the defendant.  Rawle, 845 F.2d at 1247; Queen, 132 F.3d at 995.  See also Fed. R. Evid. 403.

Rule 404(b) forbids the admission of evidence of other acts committed by the defendant that prove only that he is disposed toward criminal behavior.  United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir. 1992).  Therefore, "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character."  Huddleston v. United States, 485 U.S. 681, 686 (1988).  To be probative of a material issue and thus relevant, a prior bad act must be sufficiently related to the charged offense.  Rawle, 845 F.2d at 1247 n.3.  Also, other crimes evidence "is not admissible when the unrelated bad act is 'tenuous and remote in time from the charges in the indictment.'" Hernandez at 1039 (quoting United States v. Cole, 491 F.2d 1276, 1279 (4th Cir. 1974)). Significantly, the government bears the burden of showing the relevance of evidence it seeks to have admitted under Rule 404(b).[1]

### A. The Other Acts Evidence Is Not Probative Of Any Material Issue Other Than Character.

In this case, the contested evidence is not necessary to prove any relevant material issue.  The only purpose admission of Mr. Rodriguez' alleged prior conduct can serve is to make Mr. Rodriguez' character an issue. Admission of other crimes evidence to discredit a defendant's character is specifically prohibited by Rule 404(b).  Indeed, in United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004), the court recognized that '[a] concomitant of the

---

[1] See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988) and United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

presumption of innocence is that a defendant must be tried for what he did, not for who he is.' Linares at 945 (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985). According to the Court in Linares, "[i]ntroducing evidence of a defendant's prior crimes and other bad acts – so called propensity evidence – may conflict with this principle." Linares at 945.  For these reasons, the other crimes evidence the government seeks to admit at Mr. Rodriguez' trial must be excluded pursuant to Rule 404(b).

Certainly, the evidence cannot be admitted to show that he was a drug transporter, because that is not the allegation for the case at bar.   Yet that would be its only relevance.

### B.     The Other Acts Evidence is Not Necessary.

To be admissible, other acts evidence must also be necessary.  "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997).  Clearly, the prior crime evidence the government seeks to admit is not necessary to prove any of the essential elements of the charged crimes because the alleged other crimes evidence is not probative of any of the elements of the offenses with which Mr. Rodriguez is charged in the pending indictment.  Additionally, the evidence does not furnish any context of the offenses alleged in the indictment.

In the Maryland case, the implication is that Mr. Rodriguez was a drug transporter, or "mule."  Here, there is no indication by the government that Mr. Rodriguez played such a role.  In fact the government alleges that on May 6 Mr. Marte personally transported the drugs to the District of Columbia via Greyhound bus.  In addition, on May 6, the drug

transported to the District of Columbia was cocaine, rather than the heroin which Mr. Rodriguez was alleged to have carried in Maryland. The proffered evidence simply does not give any context to the charges at bar.

In <u>Linares</u>, the Court of Appeals held that admission of evidence concerning prior gun possession for purposes of showing intent, knowledge and absence of mistake under Rule 404(b) was unnecessary and improper in an 18 U.S.C. § 922(g) case where witnesses testified at trial that the defendant was observed in actual possession of a firearm and then seen tossing the firearm to the ground. With respect to "knowledge," the Court noted that it does "not understand how Linares's previous possession of a pistol makes it any more likely that he knowingly possessed a gun this time." <u>Linares</u> at 946. With respect to "absence of mistake," the Court concluded that "no reasonable jury could have found that the government had proven possession but failed to prove absence of mistake." <u>Id.</u> at 947. Finally, with regard to "intent," the Court noted that evidence concerning the previous gun possession incident "was inadmissible for that purpose because under section 922(g)(1), the government had no obligation to prove intent." <u>Id.</u> at 948.

Because it is expected that witnesses (including law enforcement officers) will testify at Mr. Rodriguez' trial that Mr. Rodriguez was seen in actual possession of the items at issue in Count One of the pending indictment,[2] the facts of Mr. Rodriguez case are substantially similar to the facts in the <u>Linares</u> case. Therefore, it is unnecessary and improper for the government to admit evidence pursuant to Rule 404(b) concerning Mr.

---

[2] Count one charges distribution of heroin on April 20, 2005. Count two charges distribution of cocaine rather than heroin, as alleged in the Maryland case.

Rodriguez' alleged other crimes based on the same reasoning applied by the Court in Linares.

### C.  The Other Acts Evidence is Not Reliable.

In order to be admissible, other acts evidence must be reliable. Rawle at 1247. Indeed, before other acts evidence is admitted there must be "sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston at 685. The evidence the government seeks to introduce under Rule 404(b) is unreliable because the event the government seeks to admit under Rule 404(b) has not resulted in a conviction. The fact that the event did not reached final resolution causes serious concern regarding whether a crime actually occurred and whether Mr. Rodriguez was even involved in the events.

The defense further asserts that the search of Mr. Rodriguez and the vehicle in Maryland was illegal, and reserves the right to move to suppress the evidence if the court allows admission of the evidence under Rule 404(b).

## II.    THE OTHER ACTS EVIDENCE SHOULD BE EXCLUDED UNDER RULE 403.

Even if this Court finds that the government's proposed evidence is admissible under Rule 404(b), the other acts evidence should be excluded under Fed. R. Evid. 403. Under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Admission of the prior crimes evidence which the government proposes to introduce pursuant to Rule 404(b) is severely prejudicial. The other crimes

evidence is particularly prejudicial in this case because it involves acts which are similar to the acts charged in this case, in that allegations involving illegal drugs surround all charges.  For these reasons, the other crimes evidence will unfairly taint Mr. Rodriguez character and, based on this tainted character alone, the jury will surely believe he is more likely to have committed the charged crimes.

Additionally, the potential that the jury will be mislead or confuse issues is substantial because the jury will have difficulty keeping the facts of the charged crimes separate from the facts of the alleged prior uncharged crimes.  Finally, considering that the government will be spending considerable time presenting its other crimes evidence, the evidence should be excluded due to  "considerations of undue delay,  waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

## **CONCLUSION**

For the reasons described above, this Court should prohibit the government from introducing the "other crimes" evidence it proposes to introduce under both Rule 404(b) and Rule 403.


Respectfully submitted,

_____

Joanne D. Slaight, #332866
717 5th St, N.W.
Washington, DC   20001
Phone (202) 408-2041
Email:  jslaight@att.net