UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 05-214- (RJL)** |
| | : | |
| **COLLADO RODRIGUEZ,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SUBMISSION OF PROPOSED VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORM

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully makes this submission of proposed voir dire, jury instructions, and a verdict form. Unless otherwise noted, instructions are based on the correspondingly-numbered "Redbook" Instruction (Fourth Edition Revised, 2002).

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
BRYAN ROSLUND
Special Assistant United States Attorney
Narcotics Section
555 4th Street, N.W. # 4108
Washington, DC 20530
(202) 514-4299; Fax: (202) 616-2296

## GOVERNMENT'S PROPOSED VOIR DIRE

## INTRODUCTION

Good morning, Ladies and gentlemen, I am Judge Richard Leon, and I will be the presiding judge in this case. You have been called to the courtroom for possible selection as jurors in a criminal case entitled United States v. Collado Rodriguez. Mr. Rodriguez is charged with offenses that I will review with you in a moment.

Would you all please stand so that you can be sworn in by the Deputy Clerk, and then we will proceed.

The procedure of jury selection is called the voir dire process, and the object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and no bias toward either side in this case. In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you. During this voir dire process, you will be introduced to all of the participants in the trial and I will ask you a series of questions.

The words voir dire are a legal term which comes from the French language and means to speak truthfully, and the origin of voir dire helps explain its purpose. It is the time at the beginning of a trial when a jury is selected and when I will ask you some questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to speak truthfully in response to those questions.

Now, as I just said, the reason for asking the questions is to help the parties and the Court select a jury that will be fair and impartial, that will make a decision based only on the evidence presented in the courtroom, and that will follow my instructions and will be fair to

both sides.

We're going to be asking you, from your perspective, what may appear to be some personal questions to attempt to get your viewpoints about things, and it's important that you be very straightforward with us and tell us your views. Your responses will make it easier for us to be able to select a jury. So I would hope that you would not view this as being intrusive. It is something that's important for counsel and for the Court to consider in deciding who should be on the panel in terms of whether people are going to be able to be impartial.

**STATEMENT OF THE CASE**

This is a criminal case. Defendant Collado Rodriguez is charged in count one with distribution of a detectable amount of heroin on April 20, 2005. In count two, he is charged with distribution of over 500 grams of cocaine on May 6, 2005. The government alleges that on April 20, 2005 the defendant and a co-defendant, Kelvin Marte, came to an auto repair shop on Mount Olivet Road that was actually a police undercover operation. While in this store, the defendants were videotaped selling what turned out to be about 95 grams of heroin to an undercover police officer. The second event occurred on May 6, 2005 in the parking lot of a Burger King on Florida Avenue. In this transaction, the defendants sold over 500 grams of cocaine to an undercover officer. The defendants were arrested after the second sale was completed.

## **VOIR DIRE QUESTIONS**

1. Given the information that I just told you, do you think that you may know anything about the facts and circumstances of this case?

2. I am Judge Leon, and I will be the presiding judge in this case. Assisting me are _____, the Deputy Clerk; _____, the court reporter who keeps a record of the proceedings for me and the litigants; and one of my law clerks, _____. Do you know or think that you recognize any of us?

3. The United States is represented in this case today by Special Assistant United States Attorney Bryan Roslund. Do you know or think that you recognize Mr. Roslund? The attorney representing Mr. Rodriguez is JoAnn Slaight. Do you know or think that you recognize Ms. Slaight?

4. Do you know or think that you recognize the defendant, Mr. Rodriguez?

5. Do you know or think that you recognize any member of the panel, for example from work, school, socially, prior jury service, or one's neighborhood? Look around to be sure.

6. The government alleges that some of the events set forth in the indictment occurred in the 1100 block of Mount Olivet Road, NE and some occurred at the Burger King at 3rd and Florida Avenue, NE, in the District of Columbia. Do you live near, work near, or have anything other than a general familiarity with either of these locations?

7. a) The government may call some or all of the following persons as witnesses, who Mr. Roslund will now identify. Not all of these witnesses will necessarily testify. Do you know or think that you recognize any of these proposed witnesses?

    b)  The defense may call some or all of the following persons as witnesses, whom Ms. Slaight will now identify, although the defense is not required to call any witnesses.  Do you know or think that you recognize any of these proposed witnesses?

  8.  A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent.  The presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt.  Would you have any difficulty at all in applying this principle of law?

  9.  Do you have any beliefs regarding the trustworthiness of law enforcement agents or officers as a general matter, such that any of you would tend to give either more or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because of his or her status as a law enforcement agent or officer?

  10.  Have you ever served on a Grand Jury?

  *[Follow-up at the bench:  Do you understand that the level of proof for conviction at trial is different from the level of proof required to indict?  Would you have any difficulty at all in applying the correct standard as I define it for you at the close of this case?]*

  11.  Have you ever served as a juror in a criminal case in a federal court, a District of Columbia court, or in a court located somewhere else?

  *[Follow-up at the bench: What kind of cases, and was the jury able to reach a verdict in each case?  Was there anything about that experience -- whether it involved the lawyers, the judge, the defendant, the evidence, or your jury deliberations -- that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult*

*for you to serve as a juror in this case?]*

12. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for any type of law enforcement agency? This would include, among others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS or other law enforcement agencies. Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

13. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prosecutor's office? That can include the Department of Justice, a United States Attorney's Office, the Office of Corporation Counsel for the District of Columbia, or any state, county, or district attorney's office. Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to*

*arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

14. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prison, jail, or department of corrections? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

15. Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia Public Defender Service, or similar organization, or been involved in any way in the defense of a criminal case? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such individual or organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to*

-6-

*arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

16. Have you (or any of your household members or close friends and relatives) ever studied law or had any legal training?  This would include law school, paralegal training, or any post-graduate legal training.

17. Have you (or any of your household members or close friends and relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer?  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job at any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

18. Have you (or any of your household members or close friends and relatives) ever had an experience with law enforcement, prosecutors, police officers, or the court or court system, including traffic violations, that would make it difficult for you to be a fair and impartial juror in this case?

19. The offenses in this case involve distribution of illegal drugs.  Do you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a

-7-

juror?

20. Do you have an opinion or feeling about the possession of drugs, or laws dealing with the possession of drugs, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

21. Are you (or any of your household members or close friends and relatives) a member of any group that advocates either for or against the possession of drugs?

22. Have you (or any of your household members or close friends and relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime? For purposes of this question, do not include minor traffic violations.

23. This trial is expected to last approximately four days; however this does not include the length of deliberations which is determined by the jury. Do you have an urgent or extremely important matter to attend to this week such that you could be faced with a hardship if selected for the jury in this case?

24. Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

25. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

26. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow

my instructions regarding the law?

27.     Do you have any vision or hearing problems, or are you sitting next to someone whom you believe may have a hearing problem or trouble understanding the English language?  Do any of you suffer from any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?

28.     Finally, do any of you know of any other reason why you cannot sit as a juror in this case and be fair to both sides, and render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The government asks that the following instructions from <u>Criminal Jury Instructions for the District of Columbia</u> be given in this case:

1.02    Note Taking by Jurors

1.03    Preliminary Instruction Before Trial

1.04A  Definitions - Stipulation of Fact

1.04B  Definitions - Stipulation of Testimony

1.05    Cautionary Instruction Prior to First Recess

1.08    Expert Testimony

1.13    Impeachment by Proof of Conviction of a Crime - Defendant

1.20    Questions by Jurors

1.21    Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed

1.22    A Juror's Recognition of a Witness or Other Party Connected to the Case


2.01    Function of the Court

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.04    Evidence in Case - Stipulations

2.08    Burden of Proof - Presumption of Innocence

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

2.22    Accomplice's Testimony

2.22A  Witness with a Plea Agreement

2.24    Informer's Testimony

2.30    Transcripts of Tape Recordings

2.52    Multiple Counts - One Defendant

2.72    Unanimity of Verdict

2.74    Possible Punishment Not Relevant


3.02    Proof of State of Mind


4.02    Aiding and Abetting

4.30    Distribution of a Controlled Substance -Alternative
           C; with Aggravating Circumstances - U.S. District Court, (A) Quantity


       The Government requests that in place of Instruction 2.09 from the Red Book, this Court give Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, which was approved by this circuit in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

> As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the

-11-

defendant's guilt.  ***There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt***.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

The Government requests that Instruction 2.51(B), Other Crime Evidence, from the Red Book, be given in the amended form set out below:

> You have heard evidence that the defendant was involved at another time with knowingly and intentionally transporting significant quantities of heroin and cocaine in Maryland.  It is up to you to decide whether to accept that evidence.
>
> If you consider the evidence that the defendant was knowingly and intentionally importing cocaine and heroin in Maryland, you may use that evidence only to help you decide whether the government has proved beyond a reasonable doubt that the defendant had the intent to distribute heroin on April 20, 2005, had the intent to distribute cocaine on May 6, 2005, and whether he acted knowingly and on purpose on those days and not by accident or mistake.
>
> You may not consider this evidence for any other purpose.  The defendant is not charged here with any offense relating to the Maryland event, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality.  The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.  Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant has committed the acts constituting the charged offense, and you may not conclude from this evidence that because the defendant may have possessed heroin and cocaine at other times, that he also committed the acts charged in the indictment.
>
> You may only consider the evidence for the limited purpose of showing whether the defendant, if he distributed heroin and cocaine as charged in this case, did so intentionally, knowingly, and on purpose, and not by accident or mistake.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-214-02 (RJL)** |
| | : | |
| **Collado Rodriguez,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S PROPOSED VERDICT FORM**

**COUNT ONE**

With respect to the offense of Distribution of Heroin on April 20, 2005, we the jury find the defendant:

_____ Not Guilty        _____ Guilty

**COUNT TWO**

With respect to the offense of Distribution of cocaine on May 6, 2005, we the jury find the defendant:

_____ Not Guilty        _____ Guilty


_____
FOREPERSON


_____
DATE