UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> COLLADO RODRIGUEZ : <br> : | Criminal No. 05-214-02 (RJL) |

**DEFENDANT'S SUPPLEMENT TO REPLY**
**GOVERNMENT'S Rule 404(B) EVIDENCE MOTION**

Defendant Collado Rodriguez, through undersigned counsel, respectfully submits the supplement below to his reply, based on discovery provided to the defense.

***The Evidence which the Government Seeks to Admit was Illegally Seized***

1. Collado Rodriguez is charged with two counts: distribution of 100 grams or more of heroin on April 20, 2005; and distribution of 500 grams or more of powder cocaine on May 6, 2005:

   a. The government alleges that on April 20, 2005, Mr. Rodriguez and codefendant Kelvin Marte met an undercover officer and two informants at a car repair shop in Northeast, Washington, DC. While inside the shop, heroin was allegedly weighed and exchanged for cash.

   b. The government claims that on May 6, 2005, Marte personally

1

transported cocaine to DC by bus.   Marte met an informant at the Greyhound station who brought Marte to a Burger King parking lot, where they exchanged cash for cocaine. Marte was arrested. Mr. Rodriguez, in another car in the parking lot, was also arrested.

2. The government seeks to introduce evidence of Mr. Rodriguez' arrest in Maryland on August 9, 2004 - more than 8 months prior to the charged offenses in this case - under Federal Rule of Evidence 404(b).  There has been no resolution of the Maryland case.

3. In the Maryland case, Mr. Rodriguez was a passenger in a car which was stopped in Maryland.  The Maryland police claimed that the driver was traveling 73 miles per hour in a 65 mile per hour zone on I-95.  A videotape from a camera on the dashboard of the officer's patrol car was recently provided to the defense.

The police tape shows that the police stopped the car for about 15 minutes before issuing a speeding ticket to the driver. When the car was stopped, passenger Rodriguez was required to produce identification. According to the police report, the passenger information was run for criminal history record. During this time, Mr. Rodriguez, the only passenger, stayed in the car, while an officer apparently watched the driver climb over the passenger to get out on the passenger side of the car, and go to the police car.  According to the police report, the driver explained that Mr. Rodriguez spoke very little English.  Another

police car came on the scene, and an officer went to the car and shone his flashlight into the car, particularly on the passenger side of the car.

After 15 minutes the driver was finally told he could leave. At that point, the officers admittedly had no legal basis to detain or search anyone in the car.[1] An officer informed the driver that the driver had previously given a different officer permission to search, and asked the driver to repeat his permission. When the driver agreed, he had the driver sign a piece of paper. The officers kept the driver by the police car. Then they pulled Mr. Rodriguez out of the car and searched him. After the officers started to search Mr. Rodriguez, he resisted. He was formally arrested, and police allegedly found drugs strapped to his waist area.

4.   The continued detention and search of Mr. Rodriguez during this encounter, and subsequent retrieval of alleged contraband, was illegal, and must be suppressed. At the time the police searched Mr. Rodriguez they lacked adequate justification to seize and search him. Terry v. Ohio, 393 U.S. 1 (1968). Any evidence obtained pursuant to the illegal stop, arrest and search should be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963). Even assuming, arguendo, that consent was validly given,[2] the officers had no probable cause to

---

[1] The defense does not suggest that the police could have legally detained or searched Mr. Rodriguez prior to that point.

[2] Defense also asserts that the "consent" given by the driver was coerced, and therefore illegal. See United States Sandoval, 29 F.3d 537, 539 (10th Cir. 1994); United States v.Pruitt, 174 F.3d 1215 (11th Cir. 1999). The search of Mr. Rodriguez is

detain or search the driver Mr. Rodriguez.  Therefore, the evidence must be suppressed.

  5. The officers also had no basis to frisk Mr. Rodriguez.  His mere status as a passenger did not give officers any cause to believe that he was armed and dangerous, and therefore subject to frisk.  Terry v. Ohio, 393 U.S. 1 (1968).   In this case, the officer did not feel it necessary to order Mr. Rodriguez out of the car during the initial traffic stop, which he clearly could have done prior to issuing the speeding ticket.  Maryland v. Wilson, 519 U.S. 408  (1997).  Yet after the ticket had been issued and the car and its occupants were free to leave, the officer used the forced consent for search of the car as a rationale to not only eject Mr. Rodriguez from the car, but to detain and search him.  Under Maryland v. Wilson, supra, the Supreme Court made clear that police authority regarding a passenger during a traffic stop is limited to removal from the car.  The Court stated that the only effect upon passengers in removal from the car is that they will be inside, rather than outside, the car.  Id. at 414.

  In Dennis v. State, 693 A.2d 1150, 1153 (MD 1997), the state of Maryland, where this stop occurred, directly addressed the limits on intrusion of car passengers

---

also a product of the coerced consent, and must therefore be suppressed.  Wong Sun v. United States, 371 U.S. 41 (1963)

during car stops.  In that case, the driver was stopped for running a red light and attempting to evade capture.  The passenger walked away, ignored commands to stay, and ultimately resisted arrest.  The court stated, "...[T]here was no reason, articulated or indicated as to why it was necessary to detain [the passenger] "for the officer's safety," and the detention could not be justified on any other basis." Id. at 1152.   Here, the officers not only detained Mr. Rodriguez - while telling the driver he was free to leave - but they also searched Mr. Rodriguez.

In United States v. Sakyi, 160 F.3d 164, 170 (4th Cir. 1998), the Court of Appeals for the Fourth Circuit  emphasized that passengers of a legally stopped vehicle could be patted down only if a specific, articulable suspicion of danger could be cited. In that case, an officer saw indicia of drug use in the car.  Here, the police had no cause to continue to detain the vehicle after a speeding ticket was issued, much less detain, search or frisk the passenger.

6. Consent to search the car does not form articulable suspicion to detain, search, or frisk, a passenger.  United States v. Starks, 301 F.Supp. 2d 76 (DC Mass 2004).  In Starks, supra, a driver was stopped for a minor traffic violation.  Two officers asked both the driver and passenger for identification, and both complied. When an officer learned that the driver's license was suspended,  both officers returned to the car, and one officer asked the driver to get out.  The passenger

asked for return of his identification, but was told to wait in the car. Another officer told the driver inside the police cruiser that she would be free to leave once a citation was issued. At some point it emerged that the driver had a pending drug trafficking case. The officer asked the driver for permission to search the car, and she consented. The officers went back to the car. While one officer went to search the car, the other officer ordered the passenger out and tried to frisk him. The passenger objected. The officers nonetheless searched him, and found a gun in his waistband. Officers tried to justify the search by claiming that the driver's pending drug case, early morning hours, and the passenger's close proximity to the officers justified a search. The Court disagreed, and suppressed the gun.

First, the Court found that once the traffic citation was issued, there was no justification for detention of either the driver or passenger. Consent to search would not justify further detention of either persons. Id. at 83. And the fact that the driver had a pending criminal case could not be used to cast suspicion on the passenger, since it did not reflect a common purpose of the two in the car. Id. at 84.

Second, the Court found that a passenger could not be searched incident to a consent search absent reasonable suspicion as to the passenger. Id. at 87. The court noted that the neither the pending case, the time of night, or the

fact of the search itself in the presence of two officers could justify a frisk of a passenger.

Here, the car was stopped for a traffic violation, and both occupants had provided identification. When the ticket was issued, both were free to leave. The continued detention and subsequent search of Mr. Rodriguez requires suppression of the results of the search.

7. Recent drug analysis indicates that the Maryland case involves a mixture of heroin and cocaine. The D.C. case involves only heroin on April 20, 2005, and only cocaine on May 5, 2005. The two substances were not mixed together on either date.

Respectfully submitted,

_____

Joanne D. Slaight, #332866
717 5th St, N.W.
Washington, DC  20001
Phone (202) 408-2041
Email:  jslaight@att.net