UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No.  05-214 (RJL) |
| | : | |
| v. | : | |
| | : | Sentencing Date:   March 22, 2007 |
| COLLADO RODRIGUEZ | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits its memorandum in aid of sentencing.  In supplement to this motion, the United States proffers the following points and authorities, as well as any others that may be cited at the sentencing hearing in this matter.

*Discussion*

*The Defendant's Criminal Conduct*

On April 20, 2005, the defendant and a co-defendant, Kelvin Marte, traveled to the District of Columbia from New York City carrying heroin.  The defendant and Mr. Marte came to an auto repair shop in the 1100 block of Mount Olivet Road NE, in Washington, DC, where arrangements had been made to sell the heroin to undercover officers.  The Mount Olivet Road shop had been used for some time by a joint task force of federal and local law enforcement officers to conduct undercover narcotics transactions.  The shop had been wired with audio and visual equipment so that illegal activities, primarily narcotics transactions, could be recorded.  Undercover officers and informants conducted a number of narcotics and weapons transactions at this location during the many months that it was in operation.

The defendant and Mr. Marte were introduced to an undercover police officer posing as a buyer. After a discussion about the price, the parties agreed to a sale. Mr. Marte then removed a quantity of heroin from his pants. Both the defendant and Mr. Marte separated the heroin, which had been formed into "fingers" and placed those fingers on a scale. While the defendant continued to place the fingers of heroin on the scale, the undercover officer gave $7,500 to Mr. Marte. Once approximately 100 grams had been weighed out, the parties had discussions about the sale of additional quantities of heroin, however, no further purchases were concluded on that day. This transaction was recorded on audio and video. The heroin was tested by the DEA and was confirmed to be 95 grams of heroin.

On May 6, 2005, the defendant again traveled to the District of Columbia to participate in another narcotics transaction. On May 6, 2005, the defendant drove to the District of Columbia with two other individuals by car. By prior arrangement, the defendant's co-defendant, Kelvin Marte, traveled to the District of Columbia simultaneously by Greyhound Bus carrying approximately one kilogram of cocaine hydrochloride, that was to be sold to the undercover officer for $26,500. During their trip, telephone calls were made between Mr. Marte and the occupants of the car carrying the defendant. Arrangements were made for Mr. Marte to be picked up at the Greyhound Station on First Street NE, and all were then to meet at the parking lot of the Burger King restaurant near the intersection of Third Street and Florida Avenue NE, in Washington, DC.

Once the defendant, Mr. Marte and the others arrived at that location, an undercover officer get into the back of the car carrying Mr. Marte. Mr. Marte produced a bundle of cocaine from the bag that Mr. Marte was carrying, and handed over the cocaine in exchange for cash. As Mr. Marte counted the money that had been handed to him, police officers moved in and arrested the defendant

and Mr. Marte. The substance was analyzed by the DEA and was confirmed to be 999.4 grams of cocaine hydrochloride.

*Procedural Background and Plea Agreement*

On June 2, 2005, the Grand Jury returned a two count indictment against the defendant and co-defendant Kelvin Marte. Specifically, the indictment charged the defendant with Unlawful Distribution of 100 Grams or More of Heroin and Aiding and Abetting on April 20, 2005, and with Unlawful Distribution of 500 Grams or More of Cocaine and Aiding and Abetting on May 6, 2005.

On January 10, 2007, the defendant entered a guilty plea to Unlawful Distribution of Heroin, a lesser included offense to the first count of the indictment. The defendant entered his guilty plea pursuant to a plea agreement. In that agreement, the Government agreed to limit its allocution to the low end of the defendant's guidelines. The Government further agreed that the defendant's base offense level should be decreased by 2 levels for acceptance of responsibility, and to not oppose a further 2 level reduction if the defendant was found to meet the criteria set out in USSG §5C1.2(a)(1) through (5).

*The Defendant's Guidelines Range*

The defendant's offense level for this offense is 26. Due to his acceptance of responsibility for the offense, the defendant is entitled to a two point downward departure. Moreover, the defendant was found to meet the criteria set out in USSG §5C1.2(a)(1) through (5), and he is thus entitled to a further two point downward departure. Therefore, the defendant's total offense level is 22. The defendant's criminal history places him in a criminal history category of I. Accordingly, the defendant's guidelines range for the offense calls for a period of incarceration from 41 to 51

months.

*Recommendation*

In accordance with the terms of the plea agreement, the Government respectfully recommends that the Court impose a sentence of forty-one months' incarceration, followed by term of supervised release of three years.

**WHEREFORE**, the United States respectfully moves that the Court to impose a sentence of forty-one months' incarceration followed by three years of supervised release.

                                    Respectfully submitted,

                                    JEFFREY A. TAYLOR
                                    UNITED STATES ATTORNEY

By:     /S/
        EDWARD A. O'CONNELL
        Assistant United States Attorney
        Organized Crime and Narcotics Trafficking Section
        D.C. Bar No. 460-233
        555 Fourth Street NW
        Room 4122
        Washington, DC  20530
        (202) 514-6997
        (fax) (202) 514-8707

*Certificate of Service*

     I HEREBY certify that a copy of the foregoing Government's Memorandum In Aid of Sentencing has been served by email at <u>ronearnest@hotmail.com</u>, and by mail, postage prepaid, upon counsel for the defendant, Ron D. Earnest, Esq., at P.O. Box 608, Riverdale, MD 20738, this 15$^h$ day of March, 2007.

                                /S/
                         EDWARD A. O'CONNELL
                         Assistant United States Attorney
                         Organized Crime and Narcotics Trafficking Section
                         D.C. Bar No. 460-233
                         555 Fourth Street NW
                         Room 4122
                         Washington, DC  20530
                         (202) 514-6997
                         (fax) (202) 514-8707